IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GUY MATTHEWS,                          :          CIVIL ACTION
       Petitioner,                :
                                  :
    v.                                 :
                                  :
DAVID GUGLIELMO, et al.,                :          NO. 05-6239
       Respondents.               :

RELATED AND RECOMMENDATION

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Graterford, in Graterford, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.     PROCEDURAL HISTORY

      On August 24, 1990, following a jury trial presided over by the Honorable Eugene E.J. Maier, petitioner was convicted of first-degree murder, criminal conspiracy, possessing an instrument of crime, and two counts of aggravated assault. Specifically, petitioner was convicted of opening fire on a car petitioner mistakenly thought was the car of a rival gang member, and fatally shooting passenger James Sussewell and seriously wounding two other passengers. On April 4, 1991, the trial court sentenced petitioner to a term of life imprisonment for first-degree murder, ten (10) to twenty (20) years for each count of aggravated assault, five (5) to ten (10) years for conspiracy, and two and a half (2 ½) to five (5) years for possessing an instrument of

crime, with each sentence to run consecutively with petitioner's life sentence.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania.  On August 19, 1993, the Superior Court affirmed petitioner's judgement of sentence.  On January 14, 1994, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.

On December 19, 1996, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  Counsel was appointed by the court.  Counsel filed an amended petition.  On July 6, 1999, the PCRA court granted the Commonwealth's motion to dismiss the petition.  On October 6, 200, the Superior Court vacated the PCRA court's order, finding the PCRA court failed to provide petitioner with the necessary notice required under then-Pa.R.Crim.P. 1507 (renumbered Pa.R.Crim.P. 907) before dismissing the petition.

On January 5, 2001, new counsel was appointed by the court.  Counsel filed an amended petition.  On October 30, 2002, the PCRA court dismissed petitioner's PCRA petition.  On February 20, 2004, the Superior Court affirmed the PCRA court's dismissal of the petition.  On December 3, 2004, the Supreme Court of Pennsylvania denied petitioner's request for allocatur.

Petitioner filed the instant petition for Writ of Habeas Corpus on December 2, 2005.  Petitioner is alleging the following claims:

(1)     Trial court erred in admitting evidence of petitioner's unrelated drug activity;

(2)     Trail counsel was ineffective for not presenting witnesses that were known to trial counsel;

(3)     Trial counsel was ineffective for failing to present character testimony; and

(4)     The Commonwealth suppressed evidence which would have been

2

favorable to petitioner, amounting to a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

Respondents retort that petitioner's claims are procedurally defaulted, as they were not properly presented to the state courts and cannot be presented there now.  We agree, and as such, dismiss the habeas petition in its entirety.

II.    PROCEDURAL DEFAULT

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); <u>Castille v. Peoples</u>, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, <u>reh'g denied</u>, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. <u>O'Sullivan</u>, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  <u>Santana v. Fenton</u>, 685 F.2d 71, 73-74 (3rd Cir. 1982), <u>cert. denied</u>, 459 U.S. 1115, 103 S. Ct. 750 (1983).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." <u>Toulson v. Beyer</u>, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred...there is procedural default for the purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991);McCandless v. Vaughn, 172 f.3d 255, 260 (3rd Cir. 1999). The procedural default barrier also precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [because] this Court has no power to review a state law determination that is sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." Id., at 732.

As noted above, respondents contend that petitioner's claims were never properly exhausted in state court and petitioner can no longer bring the claims in state court, hence they are procedurally defaulted. In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner's first claim is that the trial court erred in admitting evidence of petitioner's unrelated drug activity. Petitioner did present this claim to the Superior Court on direct appeal but petitioner did not present this claim as a federal constitutional violation of due

4

process to the state courts.   Petitioner claims the trial court made an incorrect evidentiary ruling under state law.  A trial court's evidentiary ruling is a state law question and not a federal constitutional claim.   Hence, the state courts did not characterize petitioner's claim as a federal constitutional claim.  Neither the federal constitution nor any judicial decision based on the federal constitution were mentioned in their decisions.  The Superior Court understood petitioner's claim to be based on state law, and  understandably confined its application of state law.

Under these circumstances, this court must conclude that petitioner did not give the state courts the requisite "fair notice" that he was asserting a federal constitutional claim, and petitioner had not fairly presented a federal due process claim in state court.  Accordingly, petitioner did not properly raise this claim in state court and has failed to exhaust his remedies in state court.  Furthermore, petitioner has neither alleged cause and prejudice, nor shown that this court's failure to consider his claims would result in a miscarriage of justice.  Consequently, petitioner's first claim is procedurally defaulted and dismissed without consideration on the merits.

Petitioner's second claim is that trial counsel was ineffective for not presenting witnesses that were known to trial counsel.  Petitioner fails to identify any witnesses that petitioner claims trial counsel knew of and failed to present at trial.  Petitioner did present a claim of newly discovered evidence to the PCRA court identifying two newly discovered alibi witnesses, Wardine Thompson and Michael White.  However, petitioner does not identify Ms. Thompson or Mr. White to this court as the same witnesses trial counsel failed to present.  Furthermore, petitioner presented Ms. Thompson and Mr. White as newly discovered evidence to

5

the PCRA court, so trial counsel would not have know of these witnesses at the time of trial.

Petitioner failed to present this claim, that trial counsel knew of and failed to present certain

witnesses, at any state court level.  Petitioner has failed to exhaust this claim in state court and no

longer has the option of doing so.  Because petitioner has neither shown that he was unable to

comply with the state procedural rules nor alleged a fundamental miscarriage of justice, this court

is precluded from addressing petitioner's claim.  Petitioner's second claim is procedurally

defaulted and must be dismissed without consideration on the merits.

Petitioner's third claim is that trial counsel was ineffective for failing to present

character testimony.  Petitioner failed to present this claim at any state court level.  Petitioner can

no longer return to state court to exhaust this claim.  Furthermore, petitioner has neither alleged

cause and prejudice, nor shown that this court's failure to consider his claims would result in a

miscarriage of justice.  Consequently, petitioner's third claim is procedurally defaulted and must

be dismissed without consideration on the merits.

Petitioner's fourth claim is that the Commonwealth suppressed evidence which

would have been favorable to petitioner, amounting to a violation of Brady v. Maryland, 373

U.S. 83 (1963).  Petitioner never raised this claim at any state court level.  Though petitioner has

alleged cause and prejudice for his default, he has not shown that this court's failure to consider

this claim would result in a fundamental miscarriage of justice.  To meet the miscarriage of

justice exception, petitioner must demonstrate "that it is more likely than not that no reasonable

juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298,

327 (1995).  Petitioner's arguments fall short of the Schlup standard, and consequently, we must

dismiss the habeas petition as to this claim and in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of June, 2006, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.


/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE